UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maria U.C.G., | Civ. No. 26-439 (JWB/LIB) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | **ORDER TO SHOW CAUSE REGARDING POST-JUDGMENT CONDITIONS OF RELEASE** |
| Respondents. | |
| Sonia M.M.C., | Civ. No. 26-457 (JWB/LIB) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

On January 24, 2026, this Court granted the Petitions for Writ of Habeas Corpus in the above-named matters and ordered the Petitioners to be released from custody. (Civ.

No. 26-439, Doc. No. 10; Civ. No. 26-457, Doc. No. 6.) Because Petitioners were subject to existing conditional release orders, they were ordered released subject to those orders. (*Id.*) Respondents were also ordered to release Petitioners in Minnesota and to confirm the time, date, and location of their release within 48 hours. (*Id.*)

Following entry of judgment (Civ. No. 26-439, Doc. No. 11; Civ. No. 26-457, Doc. No. 7), Respondents filed a status report stating that Petitioners had been released in Minneapolis on January 24, 2026. (Civ. No. 26-439, Doc. No. 12; Civ. No. 26-457, Doc. No. 8.) The report also indicated that counsel disagreed whether "the terms of Petitioner's release were inconsistent with her November 2022 order of supervision" and that Respondents were "awaiting confirmation that the order of supervision will be amended to revert to the conditions in the November 2022 order." (*Id.*)

This Court ordered release based on the absence of lawful statutory authority to detain Petitioner. Petitioners were to be released with their existing conditional release orders to remain in place—that is, restored to their previous posture prior to the unlawful detention. The judgment did not otherwise authorize conditional release, supervision, or the reimposition of preexisting restrictions in a newly issued instrument, nor did it reserve such determinations to the agency for imposition at the time of Petitioners' release.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Respondents must **SHOW CAUSE**, on or before **Tuesday, February 3, 2026**, why the orders of supervision referenced in the status reports should not be stricken as inconsistent with this Court's judgment. Respondents' written response must:

1.    Identify the specific statutory authority under which Respondents claim power to impose conditions of release following this Court's order granting habeas relief;

2.    Explain how that authority applies notwithstanding this Court's determination that Petitioners' detention lacked a lawful basis;

3.    Address whether, and on what grounds, Respondents may reimpose preexisting conditions of release in a new instrument without prior notice to or authorization from this Court after entry of an order requiring release under the conditions already imposed; and

4.    Confirm the time of Petitioner's release, which is information previously ordered to be disclosed but was not included in Respondents' status reports.

No additional briefing is authorized absent further court order.

Date: January 27, 2026                         *s/ Jerry W. Blackwell*
                                                JERRY W. BLACKWELL
                                                United States District Judge